(No. 4677— )

ROSE MARIE SMITH AND MILDRED HALL, Claimants, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed September 23, 1955.*
*Supplemental Order filed July 27, 1956.*

KAMIN AND GLEASON, Attorneys for Claimants.

LATHAM CASTLE, Attorney General; MARION G. TIERNAN, Assistant Attorney General, for Respondent.

FEARER, J.

Rose Marie Smith and Mildred Hall filed a joint complaint in this Court on May 12, 1955, alleging that on July 7, 1954 the State of Illinois maintained, controlled and owned, through its agents and servants, a certain public highway known as Roosevelt Road, at or about 20 feet west of Des Plaines, in Forest Park, Illinois.

They alleged that a certain manhole and manhole cover were located in the said road, which it was the duty of respondent to maintain, that the manhole cover had been removed, and that there were no barricades, lights or other warning devices to indicate its removal, which constituted a hazard to vehicular traffic.

Rose Marie Smith owned, and was operating a certain automobile in a westerly direction at the time and place of the accident, and Mildred Hall was a guest passenger in said automobile. At the time of the alleged accident both were in the exercise of ordinary care for the safety of their respective persons and property.

In paragraph 4 of the complaint, it is alleged that respondent had knowledge of the heavy vehicular travel on said highway; that said open manhole was a danger and a hazard to motorists in the absence of due warning, barricades or lights; and, that respondent committed one or more of the following wrongful acts:

(a) Negligently maintained and controlled said highway.
(b) Negligently failed to furnish lights, warnings, or barricades to apprise motorists of a dangerous and hazardous condition.

As a direct result of said negligence, claimants' automobile struck said open manhole, and each claimant was directly injured thereby. Both parties sustained personal injuries, external and internal, and damage to property. Claimant, Rose Marie Smith, is suing for $500.00, includ-

ing both personal injuries and property damage; and, claimant, Mildred Hall, is suing for the sum of $1,500.00.

On July 20, 1955, a motion was filed by respondent to strike and dismiss claimants' complaint. Attached thereto was a report of Mr. Earl McK. Guy, Engineer of Claims of the State of Illinois, wherein it is set forth that the highway in question was a part of the system of state highways, and that the construction, reconstruction, operation and maintenance of the street or highway surface has been under the jurisdiction of the Department of Public Works and Buildings for more than the immediate past ten years. Construction, reconstruction, operation and maintenance applies only to the concrete or wearing surface, and does not include the erection, fitting, adjustment or replacement of sewer, water, gas or electric utility manholes, covers, plates and caps. The manhole and cover located in Roosevelt Road are owned by the City of Forest Park, and are subject to reconstruction, operation and maintenance solely by the City of Forest Park.

Respondent's motion was predicated upon the fact that the manhole cover did not come under the jurisdiction of, and was not subject to reconstruction, operation or maintenance by the Division of Highways.

On July 28, 1955, objections to respondent's motion to dismiss, and suggestions in support thereof, were filed in this Court setting forth two statutes involving maintenance and control of State Aid Roads, namely, Chap. 121, Secs. 37 and 277, Ill. Rev. Stats., 1953.

We are of the opinion that the motion filed by respondent to strike should be sustained for the reason that the manholes and covers thereon are constructed for the convenience of municipalities in the operation and control of public utilities in a city or village, and may

be removed by employees of a municipality; and, therefore, come solely within the jurisdiction of a municipality. The responsibility and obligation to maintain, control, and protect the traveling public would be the sole duty and obligation of employees and agents of the municipality, and not the State of Illinois.

The employees, agents and servants of the municipality have the right to remove said manhole covers for the purpose of maintaining service of utilities for residents of the municipality, and, therefore, have the sole obligation of protecting the traveling public by placing barricades, lights or other devices of warning to people traveling upon said street or highway.

The complaint does not set forth any specific acts of negligence on the part of the agents or servants of respondent with reference to barricades, work in progress on the surface of said highway, or permitting large holes to remain in said paved highway without warning the traveling public. The agents or servants of respondent were not engaged in any work on said highway, which would have caused the hazardous condition, nor did any agent or servant of respondent remove the manhole cover creating the condition, which claimants contend caused their injuries and damage.

Respondent's sole duty and obligation under the statutes cited would be to construct, repair and maintain the surface of said highway; to erect warning signs during repair or construction; and, it would only be liable for its failure to repair a hole in said highway upon either actual or constructive notice that such a hazardous condition exists.

The motion of respondent to strike and dismiss is, therefore, sustained, and the case accordingly dismissed.